IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N. A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C1, §§§§§§§§§ | |
| *Plaintiff*, § | Civil Action No. 6:16-cv-00052 |
| v. §§ | |
| SATYA SAI INC., §§§ | |
| *Defendant*. § | |

## COMPLAINT

Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C1 ("Lender"), acting by and through C-III Asset Management LLC, as Special Servicer for Lender, files this Original Complaint (the "Complaint") against Defendant, SATYA SAI Inc., a Texas Corporation ("Borrower").

## PARTIES

1. Plaintiff is a national banking association, having its main office in South Dakota. Plaintiff is a citizen of the State of South Dakota. *See Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303 (2006) (citizenship of national banking association is state in which its main office is located, as set forth in the articles of association); *see also LaSalle Bank Association v. Nomura Asset Capital Corporation,* 180 F. Supp.2d 465, 468 (S.D.N.Y. 2001) (court looks to citizenship of trustee to determine citizenship of REMIC trust).

2. Defendant SATYA SAI Inc. is a Texas corporation, having its principal place of business in Waco, Texas, and may be served with process by service upon its registered agent, Nalin Patel, 3612 North Street, Nacogdoches, Texas 75961, or wherever he may be found. Thus, Defendant is a citizen of the State of Texas for purposes of diversity jurisdiction. *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397 n.1 (5th Cir. 2009)(citizenship of corporation is state of incorporation or principal place of business.)

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship between Plaintiff and Defendant, and because the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because the Property at issue is situated within this district.

## FACTUAL BACKGROUND

5. SATYA owns and operates a Best Western PLUS Woodway Waco South Inn & Suites, formerly a Holiday Inn Express & Suites Woodway, located at 6808 Woodway Drive, Woodway, Texas 76712, which Property is more particularly described in the Deed of Trust (defined below).

6. SATYA, as Borrower, and Column Financial Inc., as original lender ("Lender"), entered into a commercial mortgage loan (the "Loan") evidenced by a Promissory Note, dated effective as of December 22, 2006, in the original principal amount of SEVEN MILLION SEVEN HUNDRED THOUSAND AND 00/100 DOLLARS ($7,700,000.00) (the "Note"). The Note was executed by SATYA, by and through its president, Nalin R. Patel, for good and valuable consideration, including the advance of the full principal amount of the Loan. A true and correct copy of the Note is attached hereto as **Exhibit A**.

7. Repayment of the Note is secured by, *inter alia*, a Deed of Trust, Security Agreement and Financing Statement (the "Deed of Trust") dated as of December 21, 2006, and recorded in the Official Public Records of McLennan County, Texas as Document No. 2006047961. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**. As further security for the repayment of the Loan, SATYA executed and delivered an Assignment of Leases and Rents, dated December 21, 2006 (the "Assignment of Rents") to Lender whereby Borrower agreed to an absolute, unconditional, and present assignment of the Leases and Rents generated by the Property. A true and correct copy of the Assignment of Rent is attached hereto as **Exhibit C**. The Note, Deed of Trust, Assignment of Rents and all other documents executed in connection therewith or relating in any way thereto are referred to hereinafter either individually or collectively as the "Loan Documents."

8. Pursuant to certain assignments, endorsements and/or transfers of the Loan Documents, Wells Fargo Bank, N. A., as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities, Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C1, is the holder of the right to receive payments due under the Note and the owner of the liens, security interests and right to enforce the terms of the provisions contained in the Loan Documents. True and correct copies of the Assignment of Deed of Trust and Assignment of Leases and Rents dated December 21, 2006, are attached hereto as **Exhibit D**. C-III Asset Management, LLC is the Special Servicer responsible for the administration of the Loan evidenced by the Note on behalf of Wells Fargo, and is the proper party authorized to bring this action against SATYA on behalf of Lender.

9. SATYA is in default under the Note and Deed of Trust having failed to pay the monthly installments due thereunder as and when due. Accordingly, Wells Fargo believes there

is an urgent need to protect the value of the Property from imminent danger of loss and diminished value through this Court's appointment of a receiver for the Property so that Wells Fargo can provide the money necessary, in Plaintiff's reasonable and good faith discretion, to pay the necessary expenses associated with the operation of the Property, without becoming exposed to mortgagee-in-possession liability.

10. Pursuant to Article 1.11 of the Deed of Trust, SATYA absolutely assigned to Lender all existing and future leases, rents and profits, and granted Lender the sole, exclusive and immediate right to demand, collect and receive any and all said leases, rents and profits.

11. SATYA's failure to timely make the payments under the Note as and when due constitutes an "Event of Default" under the Note and the Deed of Trust. *See* Exs. A (art. 1.4) and B (art. 2.1). Despite notice of default and demand for payment made by letter dated February 24, 2016, the Borrower has failed and refused to make the necessary payments to cure its default within the prescribed time period. Consequently, Lender has accelerated the maturity date of the Note and declared the indebtedness evidenced by the Loan Documents due and payable in full on March 4, 2016.  A true and correct copy of the notice of default and acceleration letter is attached hereto as **Exhibit E**.

12. As of March 4, 2016, the unpaid principal due and owing under the Note totals at least $6,186,023.00. Interest, costs, fees and expenses continue to accrue on the outstanding indebtedness under the terms of the Note and related Loan Documents until the outstanding indebtedness is paid in full.

## BREACH OF CONTRACT

13. Lender, acting by and through its Special Servicer, C-III Asset Management LLC, sues Borrower for breach of the Note and Loan Documents. Borrower covenanted and agreed under the Loan Documents to timely make all payments due and owing under the Note as and

when due. Borrower is in monetary default under the terms of the Note and Loan Documents having failed to pay the monthly payments owing under the Note as and when due.

14. As a direct and proximate result of Borrower's default, Lender has been injured (which injury is continuing). Accordingly, Plaintiff is entitled to pursue all remedies available to it under the Loan Documents and at law and in equity to protect the value of Lender's collateral and to collect all amounts due and owing under the terms of the Note, Deed of Trust other related Loan Documents, including but not limited to, the outstanding principal balance, pre-payment premiums, interest, late charges, tax and insurance amounts, and attorneys' fees, costs and expenses incurred by the Plaintiff.

15. Pursuant to the express terms of the Loan Documents, Plaintiff also seeks the appointment of a receiver for the Property as a result of SATYA's default under the Note and Loan Documents. *See* Ex. B at 3.1(d). Appointment of a receiver is necessary for the preservation of the Property pending resolution of the claims asserted herein or the possible disposition of the Property. Plaintiff's request for appointment of a receiver is more thoroughly set forth in Plaintiff's Unopposed Emergency Application for Receivership, filed contemporaneously herewith.

## CONDITIONS PRECEDENT

16. All conditions precedent to Plaintiff's recovery have occurred or have been performed.

## ATTORNEYS' FEES AND EXPENSES

17. Plaintiff is entitled to recover its attorneys' fees, costs and expenses pursuant to the terms of the Note, Deed of Trust and related Loan Documents, and pursuant to Texas law.

## **PRAYER**

18. Plaintiff Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C1, acting by and through C-III Asset Management, LLC, as Special Servicer for Lender, respectfully requests that:

(a) a receiver be appointed pursuant to Federal Rule of Civil Procedure 66 and be vested with all necessary authority to act on behalf of Borrower and access and administer all funds and accounts at all banks and other financial institutions owned or controlled by Borrower with regard to the Property, and that upon entry of an order appointing a receiver, all business activities of Borrower related to the Property be conducted under the direction and approval of the receiver as requested in Plaintiff's Unopposed Emergency Application for Appointment of Receiver; and

(b) That Defendant SATYA SAI Inc. be cited to appear and answer herein and on final trial hereof, Plaintiff have and recover judgment against Defendant for the outstanding amounts owing under the Note and Loan Documents, together with interest to the extent allowed by applicable law, and its reasonable and necessary attorneys' fees and all costs of court, and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show the Trust is justly entitled.

Respectfully submitted,

**WINSTEAD PC**

By:    */s/ James G. Ruiz*
    James G. Ruiz
    State Bar No. 17385860
    jruiz@winstead.com
    401 Congress Avenue, Suite 2100
    Austin, Texas 78701
    (512) 370-2864
    (512) 370-2850 (Fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFF WELLS FARGO BANK, N. A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C1